CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 13 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARLIN DUMAS, ) | |
|     Plaintiff, ) | Civil Action No. 7:06-cv-00412 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KATHELEEN BASSETT, ) | By: Hon. Jackson L. Kiser |
|     Defendant. ) | Senior United States District Judge |

Plaintiff Marlin Dumas, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Dumas alleges that the defendant has denied him due process, equal protection, and subjected him to cruel and unusual punishment by placing him in an administrative segregation unit pending his interstate transfer. As relief, Dumas seeks compensatory and punitive damages, attorney fees and costs, and his immediate transfer to another facility. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

Dumas claims that on February 6, 2006, he was wrongfully placed in the administrative segregation unit at Keen Mountain Correctional Center pending his interstate transfer. Dumas does not allege that he has suffered any actual harm as a result of his placement in the segregation unit. Rather, he complains that the defendant "expeditiously" removed him from the general population once notified of his pending transfer, and is now using his placement in the segregation unit as a "pretex" instead of "getting [the] transfer in motion."

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

To the extent Dumas alleges that his incarceration in an administrative segregation unit pending his interstate transfer violates his due process or equal protection rights or amounts to cruel and unusual living conditions, it fails. "In order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in *any* of its prisons") (emphasis in original); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (holding that a mere transfer from one facility to another does not implicate the Due Process Clause, regardless of whether the transfer is the result of the inmate's misbehavior or is punitive in nature); but see, Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that, despite general rule that an interprison transfer does not implicate the Due Process Clause, transfer to a so-called "Supermax" facility at

2

which prisoner would experience exceptionally more onerous conditions did implicate the Due Process Clause). As Dumas has not been transferred to a "Supermax" facility, but merely complains that he has been placed into an administrative segregation unit until his transfer, I find that he has not stated a due process claim.

Likewise, Dumas has failed to allege any facts which suggest his Fourteenth Amendment equal protection rights have been violated. To succeed on an equal protection claim, a plaintiff must first demonstrate that he or she has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination; once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001). Dumas does not allege any facts which reasonably suggest that he is being treated differently than other similarly situated inmates nor does he show discriminatory intent as to his continued incarceration in a segregation unit, thus he has failed to raise a viable equal protection claim. See Chapman v. Reynolds, 378 F.Supp 1137 (W.D.Va. 1974)(stating conclusory statements and allegations of discrimination are insufficient state a claim of constitutional magnitude).

Further, although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate that the living conditions violated contemporary standards of decency and that

prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Additionally, the plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While isolation and segregation conditions, may be inconvenient and unfortunate, Dumas has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has plaintiff demonstrated that because of the conditions he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment.

## III.

Based on the foregoing, I find that Dumas has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 13th day of July, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge